# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **HENRY GAINES,** ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 05-2014 |
| **GILSTER MARY LEE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, filed his Complaint (#4) on January 26, 2005. After Defendant appeared and answered, a Discovery Order (#15) was entered on April 14, 2005. On June 28, 2005, Defendant filed a Motion to Compel Discovery Responses (#18). The Court entered its Order (#19) granting the motion to compel on July 14, 2005. Plaintiff was ordered to serve written interrogatories to Defendant's first set of interrogatories and written responses to Defendant's first set of requests for production within five days of the date of the Order.

    Thereafter, Defendant filed a Motion for Sanctions (#20) in which it indicated that it had never received interrogatory answers and responses to requests for production, as ordered by the Court. The Court conducted a hearing on August 22, 2005. Plaintiff indicated that he had sent his discovery responses to the Clerk of Court. While there is no record of the Clerk of Court having received such material, it is possible Plaintiff did send the discovery responses to the clerk's office. In such an event, the usual practice of the clerk's office would have been to return the items to Plaintiff. In an effort to resolve the matter, the Court directed Plaintiff to send the discovery responses to defense counsel within seven days of the hearing. The matter was continued to September 7, 2005, for further hearing by telephone.

    On September 7, 2005, the court initiated the telephone conference. The Plaintiff did not answer the telephone. A message was left directing Plaintiff to contact the U.S. District Clerk's Office. As of the entry of this Report and Recommendation, Plaintiff has not done so.

Counsel for the Defendant reported that he did not receive anything from Plaintiff by the deadline. As of the date of the hearing, he had received "partial answers" that were not signed. He further reported no response to the request for production.

The Court has been extremely lenient with the pro se Plaintiff. Nevertheless, he has failed to comply with the requirements of the rules and of the Court's orders. More than seven months after filing his complaint and more than four months after the entry of the discovery order, Plaintiff has failed to respond to initial discovery and has failed to appear at the Court's most recent hearing. Plaintiff cannot be permitted to bring a lawsuit and then not participate.

Accordingly, I recommend pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that the Motion for Sanctions **(#20)** be **GRANTED** and Plaintiff's complaint be dismissed without prejudice. I further recommend that any refiling by Plaintiff be contingent upon his prior payment of Defendant's costs, including reasonable attorney fees associated with the pursuit of discovery in this matter. In that regard, counsel for Defendant should file an affidavit of fees and costs within fourteen days of the date of the order ruling on the motion. Plaintiff should be afforded an opportunity to respond to that affidavit within fourteen days of the date of its filing.

In the alternative, I recommend that Plaintiff be ordered to appear before Chief U.S. District Judge Michael P. McCuskey on a date certain and show cause why the case should not be dismissed for failure to prosecute.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 15th day of September, 2005

                                                     s/ DAVID G. BERNTHAL
                                                   U.S. MAGISTRATE JUDGE